

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-24-00120-CR

---

CHRISTOPHER STEPHEN MARTIN, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 30221

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

On May 17, 2024, Christopher Stephen Martin pled guilty to possession of a controlled substance in the amount of less than one gram,[1] and pursuant to a plea agreement, the trial court sentenced him to ten years' confinement in prison.[2] Despite the trial court's certification that this was a plea-agreement case and that Martin had no right of appeal, Martin filed a notice of appeal.

After reviewing the clerk's record in this matter, we noted potential defects in our jurisdiction over this appeal. More specifically, it appeared that this was a plea-agreement case in which Martin had no right of appeal. It further appeared that, even if Martin had a right of appeal, he (1) freely and voluntarily waived that right and (2) failed to timely perfect the appeal.

The Texas Legislature has granted a very limited right of appeal in plea-bargain cases. Rule 25.2(a) of the Texas Rules of Appellate Procedure details that right as follows:

> (2) . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> > (A) those matters that were raised by written motion filed and ruled on before trial,
> >
> > (B) after getting the trial court's permission to appeal, or
> >
> > (C) where the specific appeal is expressly authorized by statute.

TEX. R. APP. P. 25.2(a)(2).

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Supp.)

[2] Martin's punishment was enhanced by two prior convictions. *See* TEX. PENAL CODE ANN. § 12.42.

There was no indication in the record that Martin either (1) filed a motion that was ruled on before trial or (2) obtained the trial court's permission to appeal. To the contrary, the trial court's certification of Martin's right of appeal indicated that he "ha[d] NO right of appeal." Further, there is no statute that expressly authorized this specific appeal. Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates that there is no right of appeal. *See* TEX. R. APP. P. 25.2(d). Additionally, Martin and his trial attorney signed an explicit waiver of his right to appeal. Consequently, even if Martin had a right of appeal, he waived it. Finally, Martin's notice of appeal was untimely under the requirements of Rule 26.2 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.2.

On August 5, 2024, we notified Martin of the potential defects in our jurisdiction over this appeal and gave him an opportunity to either remedy the defects, if possible, or demonstrate how we had jurisdiction over the appeal notwithstanding those defects. We informed Martin that he had twenty days from the date of our letter to provide the Court a satisfactory response. The Court also warned Martin that, in the event we did not receive a satisfactory response to our letter, we would dismiss his appeal for want of jurisdiction. We did not receive a satisfactory response from Martin.

3

Because Martin has no right of appeal due to his plea bargain with the State, because the trial court's certification correctly indicates that he is without a right of appeal, and because, even if he had a right of appeal, he failed to timely perfect it and voluntarily waived it, we dismiss this appeal for want of jurisdiction.


Jeff Rambin
Justice

Date Submitted: September 17, 2024
Date Decided: September 18, 2024

Do Not Publish

4